**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**

TYRONE HARPER, )
)
              Petitioner, )
v. ) No. 1:06-cv-0090-SEB-VSS
)
STANLEY KNIGHT, )
)
              Respondent. )
_____)
TYRONE HARPER, )
)
              Petitioner, )
v. ) No. 1:06-cv-0091-SEB-VSS
)
STANLEY KNIGHT, )
)
              Respondent. )

**Entry Denying Petition for Writ of**
**Habeas Corpus and Directing Entry of Judgment**

      Petitioner Tyrone Harper ("Harper") seeks habeas corpus relief with respect to two prison disciplinary proceedings in which he was found guilty of violating prison rules. In each instance he was charged with and found guilty of battery. The court has considered Harper's petitions, the respondent's return to order to show cause, Harper's reply and the expanded record, and finds for the reasons explained in this Entry that Harper's petitions must be **denied** and these actions **dismissed with prejudice.**

### I.  Background

### A. ISR 05-09-0278

      On September 25, 2005, a conduct report identified as No. ISR 05-09-0278 was issued charging Harper with violating prison rules by committing battery on Maria Mulligan at the Pendleton Correctional Facility. The conduct report stated that on that date Harper had swung and hit Kitchen Supervisor Maria Mulligan in the mouth after the two had a verbal argument over Harper surrendering his identification badge to her.

Harper was supplied with a copy of this charge and notified of his procedural rights in connection with the anticipated hearing. A hearing was held on the charge on October 13, 2005.  Harper was present and made a statement concerning the charge. Other witnesses submitted written statements. The conduct board found Harper guilty of battery. He was sanctioned with a credit class demotion from credit class I to credit class II, an earned credit time deprivation of 180 days, and a 6-month term in disciplinary segregation.

## B. ISR 05-09-0279

On September 25, 2005, a conduct report identified as No. ISR 05-09-0279 was issued charging Harper with violating prison rules by committing battery on Officer D. Gross. The conduct report recites that Officer Gross had approached Harper after witnessing him hit Kitchen Supervisor Mulligan and Harper hit Gross in the face twice.

Harper was supplied with a copy of this charge and notified of his procedural rights in connection with the anticipated hearing. A hearing was held on the charge on October 13, 2005. Harper was present and made a statement concerning the charge. Other witnesses submitted written statements. The conduct board found Harper guilty of battery. He was sanctioned with a credit class demotion from credit class II to credit class III, an earned credit time deprivation of 180 days, and a 6-month period in disciplinary segregation.

## II.  Discussion

### A.  Applicable Law

A federal court may issue a writ of habeas corpus pursuant to 28 U.S.C. § 2254(a) only if it finds the applicant "is in custody in violation of the Constitution or laws or treaties of the United States." *Id.* When a prison disciplinary proceeding results in a sanction which affects the expected duration of a prisoner's confinement, typically through the deprivation of earned good-time credits or the demotion in credit earning class, the state may not deprive inmates of good-time credits without following constitutionally adequate procedures to insure that the credits are not arbitrarily rescinded and habeas corpus is the proper remedy. *Cochran v. Buss,* 381 F.3d 637, 639 (7th Cir. 2004).

In these circumstances, Harper was entitled to the following process before being deprived of his liberty interests: (1) advance (at least 24 hours before hearing) written notice of the claimed violation; (2) the opportunity to be heard before an impartial decision maker; (3) the opportunity to call witnesses and present documentary evidence (when consistent with institutional safety); and (4) a written statement by the fact-finder of the evidence relied on and the reasons for the disciplinary action. *Rasheed-Bey v. Duckworth,* 969 F.2d 357, 361 (7th Cir. 1992). In addition, there is a substantive component to the issue, which requires that the decision of a conduct board be supported by "some evidence." *Superintendent v. Hill,* 472 U.S. 445 (1985).

2

### B.  Analysis

Using the decisions in *Wolff* and *Hill* as an analytical template, Harper received all the process, both procedural and substantive, to which he was entitled. Harper's claims otherwise are without merit.

Harper's first claim is that there should have been one charge rather than two. In light of the fact that he struck two people on two occasions, though close in time, this contention is specious. He was not disciplined for each punch, but for each victim he assaulted. Although the double jeopardy clause has been interpreted to "'protect [ ] against multiple punishments for the same offense,'" *Missouri v. Hunter,* 459 U.S. 359, 366 (1983) (quoting *North Carolina v. Pearce,* 395 U.S. 711, 717 (1969)), it is not possible to view the evidence as "the same" when multiple but separate victims are associated with the offenses. *See Miller v. Turner,* 658 F.2d 348, 350 (5th Cir. 1981) (rejecting as "frivolous" defendant's argument that "because the two murders for which he was charged occurred during the same criminal episode, his conviction and sentencing on two counts of murder violated the Double Jeopardy Clause of the Fifth Amendment").

Harper next argues that he was denied the opportunity to present evidence. This claim fails to support relief on two grounds. *First*, the expanded record shows that he requested various statements at the time he was notified of the charges he was facing and that the statement of each individual from whom he sought a statement was in fact considered at the hearings, albeit in written form rather than through live testimony. He did not specify at the notification stage that he sought these statements via live testimony, so his later request for the actual presence of the individuals at the hearing was untimely. Their statements, moreover, were produced and considered and thus the substance of the information sought from them was supplied. *Second,* the respondent has argued without opposition from Harper that any error in this aspect of the proceedings did not prejudice Harper and thus was harmless error. *See Powell v. Coughlin,* 953 F.2d 744, 750 (2d Cir. 1991) (harmless error analysis applies to prison disciplinary proceedings); *Hayes v. Thompson,* 637 F.2d 483, 493 (7th Cir. 1980) (same); *McCall-Bey v. Franzen,* 585 F. Supp. 1295, 1299-1300 (N.D.Ill. 1984).

Harper's final claim is that the disciplinary hearings were not held within the time period specified by prison regulations. Even assuming there is a factual basis for this claim, however, the mere violation of such a policy does not constitute even a cognizable claim under § 2254. *Evans v. McBride,* 94 F.3d 1062 (7th Cir. 1996). As to the actual interval involved, the conduct report was issued on the date of the incident, September 25, 2005, and the hearings were held three (3) weeks later, on October 13, 2005. Whether delay in a prison disciplinary hearing violates due process is a function of whether the delay in some way prejudiced the prisoner's ability to present his case. *United States ex rel. Houston v. Warden,* 635 F.2d 656, 658-59 (7th Cir. 1980), *cert. denied,* 454 U.S. 843 (1981). No prejudice has been shown in this case, and the "delay" was exceedingly brief.

3

## III.  Conclusion

Prison administrators have the right, within the parameters established by *Wolff* and *Hill*, to adopt and enforce standards of behavior for the inmates whose lives they necessarily regulate to a large degree. Although Harper's claims have been carefully considered, this is another case in which a familiar admonition rings true:

> We should not be too ready to exercise oversight and put aside the judgment of prison administrators; it may be that a constitutional challenge to a disciplinary hearing such as [this] will rarely, if ever be successful.

*Ponte v. Real,* 471 U.S. 491, 499 (1985) (citation omitted). "The touchstone of due process is protection of the individual against arbitrary action of the government."  *Wolff,* 418 U.S. at 558. There was no arbitrary action in any aspect of the charges, disciplinary proceedings or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceedings that entitle Harper to relief in this case.   Accordingly, his petitions for a writ of habeas corpus must be **denied.**  Separate judgments consistent with this Entry shall issue in each case.

**IT IS SO ORDERED.**

Date: 09/15/2006 _____

_SARAH EVANS BARKER, JUDGE_
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana